UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY LAMAR ROBINSON,

        Plaintiff,                       Case No. 1:10-cv-979

v.                                             Honorable Janet T. Neff

KENNETH McKEE,

        Defendant.
_____/

**OPINION**

This is an action brought by a state prisoner ostensibly pursuant to the Court's admiralty and maritime jurisdiction under 28 U.S.C. § 1333(1). The action initially was filed in the Eastern District of Michigan and was transferred to this Court on October 5, 2010. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e) and 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed as frivolous.

**Discussion**

Plaintiff Timothy Lamar Robinson presently is incarcerated at the Bellamy Creek Correctional Facility. He currently is serving a prison term of 12 to 25 years, imposed by the Ingham County Circuit Court on May 21, 2010, after Plaintiff pleaded nolo contendere to armed robbery. Plaintiff's initial pleading is entitled "Brief in Support of Motion for Immediate Release From Custody." He contends that he is entitled to immediate release from prison because the Ingham County Circuit Court lacked jurisdiction over his criminal case. Plaintiff states in part:

> TIMOTHY LAMAR ROBINSON-EL/ALLEGED DEFENDANT, HAS DEMONSTRATED BY A PREPONDERANCE OF THE EVIDENCE REGARDING THE JURISDICTIONAL ISSUE, WHETHER STATED INPERSONAM, SUBJECT MATTER, COMMON LAW OR ADMIRALTY THAT THE THIRTIETH CIRCUIT COURT NEVER HAD JURISDICTION OVER TIMOTHY LAMAR ROBINSON-EL, NOR CAN ANY EVER EXIST WITH REGARD TO A SOVEREIGN STATE CITIZEN. THE "GUILTY BY DEFAULT" ON THE ORIGINAL CITATION IS VOID AB INITIO, BECAUSE, OF THE LACK OF BOTH IN PERSONAM JURISDICTION, AND LACK OF SUBJECT MATTER JURISDICTION.

(Mot. for Immediate Release, Page ID #3, docket #1.) While Plaintiff challenges his criminal conviction, he did not bring a habeas corpus action under 28 U.S.C. § 2254. Rather, he seeks to invoke the Court's admiralty and maritime jurisdiction. Where the plaintiff has not stated his intention to file a habeas petition, this Court may not recharacterize his complaint as a habeas petition. *See Castro v. United States*, 540 U.S. 375, 383 (2003) (may not recharacterize filing as § 2255 motion without notice to petitioner); *In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002) (same); *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 827 (E.D. Mich. 2004) (applying *Castro* rule to § 2254 petitions).

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198

(6th Cir.1990). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist. *See Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199. The Court cannot discern any possible claim against Defendant McKee over which this Court could exercise it's admiralty and maritime jurisdiction. Thus, Plaintiff's action will be dismissed as frivolous. If Plaintiff wishes to challenge the fact of duration of his confinement, he must file a habeas corpus action pursuant to 28 U.S.C. § 2254.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: November 29, 2010          /s/ Janet T. Neff
                                  Janet T. Neff
                                  United States District Judge